[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 9, 1997 CT Page 12491
The marriage of the parties was dissolved on May 19, 1989, at which time the court entered the following order concerning the potential tax liabilities of the couple: "All federal, state and local taxes shall be the joint responsibility of each party to the taxing authority, but as between the parties, each shall be responsible for one-half and shall reimburse the other for any expense incurred by the other that may be over fifty percent of any tax obligation." It is undisputed that in April, 1992, the defendant paid the Internal Revenue Service ("IRS") $10,000, which was the plaintiffs one-half share of the couple's federal tax liability. (She also paid her own half of the liability.) The plaintiff acknowledges owing the defendant $10,000 for this payment under the terms of the judgment. The defendant contends, however, that the plaintiff must also reimburse her for additional sums incurred or lost by her as a result of the $10,000 payment to the IRS. The plaintiff disputes his liability for these additional amounts. The defendant has therefore filed a motion for contempt seeking a court order that the plaintiff reimburse her for the $10,000 plus the additional amounts claimed. (Despite his acknowledgment of liability to the defendant for the full $10,000, the plaintiff has made only token payments on this liability, which was incurred in April, 1992.)
In order to pay the plaintiffs $10,000 tax liability to the IRS, the defendant closed out two Individualized Retirement Accounts ("IRAs") which she maintained at First Constitution Bank. She incurred two penalties as a result of the early withdrawals of these certificate of deposit accounts: a bank penalty in the amount of $198.48 plus an IRS tax penalty of $1,043.90. In addition, the defendant was assessed and paid additional income taxes to the IRS and the State of Connecticut as a result of the early withdrawal of the funds from the IRA accounts. She paid $2,922.92 in additional federal income taxes plus $469.75 in additional state income taxes.
The court finds that the plaintiff is clearly liable for all these out-of-pocket expenses incurred by the defendant as a result of her payment of the plaintiff's share of the IRS tax liability. The dissolution judgment orders that each party "shall reimburse the other for any expense incurred by the other thatmay be over fifty percent of any tax obligation." (Emphasis added.) The penalties and additional income taxes paid by the CT Page 12492 defendant clearly are encompassed by the terms of the judgment. The court finds that the plaintiff is in contempt of court for failing to reimburse the defendant in full for the $10,000 tax payment plus the penalties and additional income taxes paid by her, a total of $14,635.05.
The defendant also seeks reimbursement for additional amounts related to the early withdrawals from her IRAs. She first seeks an order of reimbursement for the interest which she would have earned on the IRAs if she had not had to make the early withdrawals in order to satisfy the plaintiff's share of the IRS liability. She also seeks interest on both the early withdrawal penalties and the additional income taxes that she paid as a result of the early withdrawals. The court finds that the defendant is not entitled to reimbursement for either the lost income on the IRAs or for interest on the penalties and taxes.
The dissolution judgment orders reimbursement for "any expense . . ." The loss of interest on the IRAs is not an "expense." The court interprets the word "expense" in its customary meaning as an out of pocket expenditure, not a loss of income. In addition, any award for lost income would be speculative, for we do not know whether the defendant would have made an early withdrawal from the IRAs for other purposes if the funds had remained in the IRA accounts. With respect to interest on the penalties and additional income taxes paid, such interest is not an out of pocket expenditure, nor is it otherwise provided for in the dissolution judgment.
The parties have agreed that the plaintiff is entitled to credits of $8638.29 against the amount which he owes, leaving a reimbursement due the defendant of $5996.76. The plaintiff is ordered to pay the defendant $5996.76 within sixty days from the date of this decision. In addition, the court orders the plaintiff to pay $1000 for defendant's counsel fees pursuant to General Statutes § 46b-87, within sixty days hereof.
The plaintiff is further ordered: (a) to provide documentary evidence, within thirty days hereof, that the minor children of the parties are irrevocable beneficiaries of his employment-provided life insurance: and (b) to execute and deliver a quitclaim deed for 20 Alpine Avenue, Waterbury, within ten days hereof.
Vertefeuille, J. CT Page 12493